UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jose Luna Cobarruvias, #342601, | ) | C/A No. 4:12-3096-DCN-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| Warden Leroy Cartledge,, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Jose Luna Cobarruvias ("Petitioner'), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254 for habeas relief. Petitioner is an inmate at McCormick Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B), D.S.C., the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court.

## *PRO SE* HABEAS REVIEW

This court is charged with screening Petitioner's habeas petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). This court is also required to construe *pro se* petitions liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (document filed by a *pro se* litigant is to be liberally construed). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a

potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true, *Hughes*, 449 U.S. at 9, but the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir.1990). The petition submitted in this case, even under this less stringent standard, is subject to summary dismissal.

## BACKGROUND

Petitioner is serving a twenty year sentence with two concurrent fifteen year sentences stemming from convictions on charges of felony driving under the influence, death, and two counts of great bodily injury. Petitioner plead guilty and was sentenced in the Anderson County Court of General Sessions on September 3, 2010. A direct appeal to a higher state court was not filed. On January 5, 2011, Petitioner filed a post- conviction relief ("PCR") action, in the Anderson County Court of Common Pleas. A hearing was held in the PCR action, and currently pending are the State's motion to dismiss, as well as the Petitioner's motion to reopen the record to allow testimony of subpoenaed witnesses.

Petitioner filed for federal habeas corpus relief under 28 U.S.C. § 2254 on October 29, 2012. Petitioner's sole ground for federal habeas relief is an alleged excessive delay by the Anderson County Court of Common Pleas in determining his PCR action. Petitioner states his PCR has now been pending for twenty-two months, and that Petitioner's motion to reopen the record was filed on July 7, 2011, without a resolution after fifteen months. Petitioner does not allege that he petitioned a higher state court to address the delay. Petitioner asserts he did not appeal to the highest state

court prior to filing in federal court because "unavaible (sic) and inadequate for my claim(s) INORDINATE DELAY." ECF No. 1 at 5. Petitioner further states that his federal "petition 'is not' upon Petitioner's conviction or sentence. It's upon INORDINATE DELAY per PCR." *Id.* at 13.

## **DISCUSSION**

The petition for a writ of habeas corpus under 28 U.S.C. § 2254 in this case should be dismissed because Petitioner has not exhausted state court remedies prior to filing for federal habeas relief. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270, 276 (1971). The requirement that state remedies must be exhausted before filing a federal habeas corpus action is found in the statute, 28 U.S.C. § 2254(b)(1), which provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that (A) the applicant has exhausted the remedies available in the courts of the State." The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Thus, to "satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court. The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997) (citations omitted).

The petition plainly states that Petitioner's PCR action is currently pending in a South Carolina state court. Because review by a higher state court of Petitioner's convictions and sentence have not been sought, the grounds Petitioner could raise in a § 2254 petition have not been exhausted. *See In Re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454, 454 (S.C. 1990) ("[W]hen the claim has been presented to the Court

of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies"); *State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C. 2002) (after review of a conviction by the Court of Appeals, no need to go through another petition for writ of certiorari to state supreme court to fully exhaust state remedies in federal habeas actions). The petition makes it clear that Petitioner has a viable state court remedy (PCR and appellate review of PCR) which has not been fully utilized, so Petitioner's state court remedies are not exhausted to the state's highest court.

Petitioner alleges he is bringing this federal habeas action prior to exhaustion because of excessive delay by the Anderson County Court of Common Pleas in determining his PCR action. Although a habeas petitioner is required to exhaust to the state's highest court, "[s]tate remedies may be rendered ineffective by inordinate delay or inaction in state proceedings." *Ward v. Freeman*, 46 F.3d 1129, 1995 WL 48002 (4th Cir. 1995) (unpublished). This Court could excuse the exhaustion requirement in this case if state remedies had been rendered ineffective through inordinate delay. In *Ward*, the court held that a fifteen year delay in a direct appeal from a conviction rendered the petitioner's state remedies ineffective. Here, however, the delay that Petitioner complains of does not rise to the level of the delay in *Ward*. The fact that Petitioner's PCR case has been pending in the state court for twenty-two months does not qualify as inordinate delay, and does not render Petitioner's state court remedies ineffective. *See United States v. Johnson*, 732 F.2d 379, 381–82 (4th Cir.1984); *see also, e.g.*, *Lee v. Stickman*, 357 F.3d 338 (3d Cir.2004) (eight-year delay of post conviction relief (PCR) action); *Mathis v. Hood*, 851 F.2d 612 (2d Cir.1988) (six year delay); *Burkett v. Cunningham*, 826 F.2d 1208 (3d Cir.1987) (five and one half year delay). Additionally, Petitioner does not allege that he has sought review of his inordinate delay claim, the sole issue in

his federal habeas petition, to a higher state court in an attempt to exhaust state remedies.

Also, it is noted that while § 2254 allows for the filing of successive petitions, leave to file such petitions must be granted by the Court of Appeals.  In addition,  leave to file a successive petition is available only in certain limited circumstances.  *See* 28 U.S.C. § 2244(b)(2).  The Court realizes that dismissal of the present action, without prejudice, results in Petitioner having to continue the wait for state court review of his PCR application.  However, an alternative ruling in his present challenge of the state's delay in processing his PCR application may effectively foreclose Petitioner's ability to challenge his state court convictions in a future successive habeas action.  Summary dismissal of the § 2254 petition will allow Petitioner to bring substantive challenges to his state convictions when state remedies are exhausted.

## RECOMMENDATION

Accordingly, it is recommended that this petition for a writ of habeas corpus be dismissed *without prejudice* and without requiring a response from the respondent.


s/Thomas E. Rogers,
November 29, 2012                                Thomas E. Rogers, III
Florence, South Carolina                         United States Magistrate Judge

**Petitioner's attention is directed to the important notice on the following page.**

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).